UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GTG HOLDINGS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:13-cv-3107-M |
| | § | |
| AMVENSYS CAPITAL GROUP, LLC, ACG | § | |
| TELECOM, LLC, and Z. EDWARD LATEEF, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO JOIN F&M BANK AND SETTING ASIDE PENDING DEADLINES**

Before the Court is the Motion to Dismiss under Rule 12(b)(7) for failure to join a party under Rule 19, or Alternatively, Motion for Leave to Join F&M Bank [Docket #79], filed by Defendants Amvensys Capital Group, LLC and ACG Telecom, LLC. For the reasons stated below, the Motion to Dismiss for failure to join a party under Rule 19 is **DENIED**, but the alternative Motion for Leave to Join F&M Bank is **GRANTED.**

**I.  BACKGROUND**

Plaintiff GTG Holdings, the largest shareholder of Voicecom Inc., which in turn is the only member of Voicecom LLC, has brought the present action against Defendants for claims arising out of Voicecom Inc.'s merger with Amvensys Acquisition Company. Defendants Amvensys Acquisition Capital Group, LLC, and its parent company, Amvensys Capital Group Telecom, LLC, (collectively, the "Amvensys Defendants") are the successors-in-interest to Amvensys Acquisition Company. Defendant Z. Edward Lateef ("Lateef") is the CEO of Amvensys Capital Group Telecom, LLC.

In connection with the merger, Amvensys Acquisition Company issued GTG a

1

promissory note, pledged GTG an annual percentage of Voicecom Inc.'s revenues, and took out a loan from F&M Bank ("the Loan") for seven million dollars. F&M Bank, Voicecom Inc., and GTG executed a "Subordination Agreement," under which GTG agreed to certain subordinations of its right to be paid by Voicecom Inc. to F&M Bank's ability to be paid under the Loan. A detailed analysis of the terms of the Subordination Agreement is unnecessary at this juncture; it is sufficient to note that the Subordination Agreement explains what events trigger F&M Bank's right to be paid before GTG, the length of subordination, and the events that terminate subordination.

In the present lawsuit, GTG alleges that the Amvensys Defendants have failed in their obligations to pay GTG. The Amvensys Defendants contend that under the Subordination Agreement, they are obligated to pay F&M Bank first. GTG disagrees, offering a contrary interpretation of the Subordination Agreement. Accordingly, the ultimate question is whether the Amvensys Defendants are required to first pay GTG or F&M Bank, which requires interpreting the terms of the Subordination Agreement.

The Amvensys Defendants filed their Motion to Dismiss for failure to join a necessary party, and Alternatively, Motion for Leave to Join F&M Bank [Docket #79]. Before the Court ruled on the Motions, the parties requested that the case be stayed due to an impending settlement. Settlement negotiations were unsuccessful, so the Court has lifted the stay.

## II. LEGAL STANDARD

Rule 19 aims to bring into a lawsuit all parties who ought to be present, by requiring their joinder. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1308 (5th Cir. 1986). Unless its joinder is infeasible, a party must be joined under Rule 19(a) if: (1) in that party's absence, the court cannot accord complete relief among existing parties; or (2) the court's disposition of the matter

may as a practical matter impair or impede the ability of the absent party to protect its interests; or (3) an existing party would be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(A)-(B); *Pulitzer-Polster*, 784 F.2d at 1308-09. The court's decision on a Rule 19 motion is a "highly practical, fact-based decision." *State Nat. Ins. Co. Inc. v. Yates*, 391 F.3d 577, 578 (5th Cir. 2004) (quoting *Pulitzer–Polster*, 784 F.2d at 1309).

It is not feasible to join a party if joining the party would make venue improper, if the party is not subject to personal jurisdiction, or if the joinder would destroy subject matter jurisdiction. Fed. R. Civ. P. 19(a). If the court finds that a party is required to be joined under Rule 19(a), but it is not feasible to join that party, the court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Rule 19(b) provides a list of factors for the courts to consider in making that determination. Rule 12(b)(7) permits a court to dismiss an action if the court finds that joinder is warranted, but not feasible.

### III.    ANALYSIS

#### A.  F&M Bank is a Party That Must Be Joined if Feasible

The Court finds that F&M Bank is a party that must be joined if feasible under Rule 19(a). GTG's claims in this case rest on the Court's interpretation of the Subordination Agreement, which is an agreement between GTG, the Amvensys Defendants, and F&M Bank. The Amvensys Defendants argue that under the Subordination Agreement, they must pay F&M Bank before GTG under the current circumstances. Accordingly, all three scenarios contemplated by Rule 19 are present here, such that F&M Bank must be joined.

First, the Court cannot "accord complete relief among existing parties." Fed. R. Civ. P.

19(a)(1)(A). GTG asks the Court to find that the Amvensys Defendants are required to pay GTG and not F&M Bank, but unless F&M Bank is joined in this action, F&M will not be bound by the Court's decision, and F&M may attempt in a separate action to assert its own rights under the Subordination Agreement. Accordingly, the relief among the existing parties will not be complete, as it can be if F&M is joined. *See* Fed. R. Civ. P. 19(a) advisory committee's note (Rule 19(a)(1)(A) furthers not only the interest of the parties, "but also that of the public in avoiding repeated lawsuits on the same essential subject matter."). Second, the Court's disposition of the matter may impede F&M's ability to protect its interests. Fed. R. Civ. P. 19(a)(1)(B)(i). GTG is asking the Court to determine that GTG's right to receive payments under the Subordination Agreement is superior to F&M Bank's right to receive first payments. F&M Bank cannot protect its right to priority in payment unless it is in the lawsuit. Third, the Amvensys Defendants claim they are obligated to pay F&M Bank, not GTG, and that they would be subject to inconsistent outcomes if F&M Bank and GTG argued priority issues under the Subordination Agreement in separate suits. Fed. R. Civ. P. 19(a)(1)(B)(ii).

### B. The Joinder of F&M Bank is Feasible

Joinder of F&M Bank would not deprive this Court of jurisdiction, and venue would remain proper. The parties do not argue otherwise. Defendants' Motion and Brief in Support, p. 11 [Docket #79, p. 14]; Plaintiff's Responsive Brief at 8 [Docket #84, p. 12]. The Amvensys Defendants' primary argument that F&M Bank's joinder is not feasible is that it is too late in the litigation to join F&M Bank. The Court finds that the entry of an amended scheduling order, resetting the trial date, will allay this concern. Since joinder of F&M Bank is feasible, there is no reason for the Court to dismiss the action under Rule 12(b)(7).

## IV. CONCLUSION

F&M Bank is a party that must be joined, and joinder is feasible. The Motion to Dismiss under 12(b)(7) is **DENIED**, and the alternative Motion for Leave to Join F&M Bank is **GRANTED.** All unelapsed deadlines and settings in this matter are cancelled. A new Scheduling Order will be entered after F&M Bank is served.

**SO ORDERED**.

August 3, 2015.

*[signature]*
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS