**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|   |   |
|---|---|
| GTG HOLDINGS, INC., <br><br>    Plaintiff, <br><br>            v. <br><br> AMVENSYS CAPITAL GROUP, LLC, ACG TELECOM, LLC, AND Z. EDWARD LATEEF, <br><br>    Defendants. | No. 3:13-cv-3107-M |

|   |
|---|
| AMVENSYS CAPITAL GROUP, LLC, ACG TELECOM, LLC, AND Z. EDWARD LATEEF, <br><br>    Third-Party Plaintiffs, <br><br>            v. <br><br> PROSPERITY BANK, <br><br>    Third-Party Defendant. |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by

Defendant Z. Edward Lateef [Docket Entry #246].  For the reasons stated below, the Motion is

**DENIED**.  The Court will not award attorneys' fees in conjunction with the Motion.

### I.    BACKGROUND

Plaintiff filed its original Complaint against Defendant ACG Telecom, LLC and its sole

member, Defendant Amvensys Capital Group, LLC ("Amvensys"), on August 7, 2013, asserting

diversity as a basis for federal court jurisdiction.  GTG added Lateef—a member of Amvensys—

1

as an individual Defendant on September 15, 2014.

On November 30, 2015, Lateef filed this Motion, arguing that he is a United States citizen who has been domiciled in India since 2004, who thus cannot be sued in federal court on the basis of diversity jurisdiction.  Lateef asks the Court to dismiss the case and award him attorneys' fees and costs.  GTG argues that Lateef has been domiciled in Texas since the beginning of this case, and that compete diversity exists.  GTG asks the Court to award it attorneys' fees and costs, even if the Court dismisses the case for lack of subject matter jurisdiction.

## II.      DEFENDANT LATEEF'S MOTION TO DISMISS

### a.  Legal Standard

District courts generally may hear a case only if it involves a question of federal law or if complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1331, 1332.  Federal courts have diversity jurisdiction over controversies: 1) between citizens of different states; and 2) between a citizen of a state and foreign states, citizens, or subjects.  U.S. Const. Art. III, §2; 28 U.S.C. § 1332(a).  A United States citizen domiciled in a foreign country is stateless—neither a citizen of a state nor a citizen of a foreign state.  *Coury v. Prot*, 85 F.3d 244, 249–50 (5th Cir. 1996).  Therefore, "a diversity suit may not be maintained . . . against a United States citizen who is domiciled in a foreign country."  *Id.*  Because the citizenship of a limited liability company is that of each of its members, when a limited liability company has a stateless member, it is also stateless.  *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 69 (2d Cir. 1990).

Residency is not the same as domicile: "because a 'citizen of one state may reside for a

term of years in another state, of which he is not a citizen; . . . citizenship is clearly not co-extensive with inhabitancy.'" *Simon v. Taylor*, 455 F. App'x 444, 446, 446 n.2 (5th Cir. 2011) (quoting *Bingham v. Cabot,* 3 U.S. 382 (1798)). Domicile requires "the demonstration of two factors: residence and the intention to remain." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 816 (5th Cir. 2007). The party invoking federal jurisdiction bears the burden of proving domicile by a preponderance of the evidence. *Welsh v. Am. Sur. Co. of N. Y.*, 186 F.2d 16, 17 (5th Cir. 1951); *see Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).

To determine domicile, courts look to objective indicia of intent, including "places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury*, 85 F.3d at 251; *Rivera v. Chapa*, 233 F. Supp. 428, 431 (S.D. Tex. 1964). "As long as the trial court applies the correct standard of law, its findings as to the citizenship of the parties will be upheld on appeal unless they are clearly erroneous." *Coury*, 85 F.3d at 249. A court "may look to any record evidence, and may receive affidavits, deposition testimony or live testimony regarding the facts underlying the citizenship of the parties." *Id*.

"[N]o action of the parties can confer subject-matter jurisdiction upon a federal court." *Id.* Thus, "a party cannot waive the defense [of lack of subject matter jurisdiction] and cannot be estopped from raising it." *Id*. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the court may not exercise jurisdiction over the case.

### b. Analysis

Plaintiff relies on diversity jurisdiction as the sole basis for this Court's subject matter jurisdiction. The parties agree that, if Lateef, a United States citizen, was domiciled in India at

3

the time this case was filed, this Court lacks subject matter jurisdiction.  The parties dispute

whether GTG has carried its burden of demonstrating that complete diversity exists.

>    i.   *The Evidence*

GTG produced evidence that Lateef has resided in and maintains significant ties to Texas.

Lateef's LinkedIn profile, Tumblr profile, Wordpress blog, and other evidence show that: he

attended Houston Baptist University;[1] he married his wife in Texas;[2] he grew up in Houston,

Texas;[3] and he is CEO of and "maintains the headquarters of Amvensys Capital Group in Dallas,

Texas."[4]  Lateef holds himself out as the current CEO of two companies based in the Dallas/Fort

Worth area, and claims to have founded two other companies in the area in 2011.[5]  In 2012,

Lateef founded The Amvensys Foundation, a Texas-based non-profit which provides financial

aid for students attending college in the United States.[6]

Lateef has held a valid Texas driver's license since 1995, and has had such a license in

effect at least through 2015.[7]  He voted in Texas as recently as 2008, in person.[8]  A 2011 model

vehicle is currently registered in Texas jointly to Amvensys and Lateef's wife.[9]  Between 2013

and 2015, Lateef filed United States federal tax returns and state tax returns in Arizona, Georgia,

New York, West Virginia, and South Carolina.[10]  Lateef's federal tax returns that were produced,

for tax years 2011 and 2012, list Lateef's home address as 333 Clay St., Suite 4700, Houston,

---

[1] Lateef Deposition, Docket Entry #257-3, at 195–96; Lateef's Tumblr Profile, [Docket Entry #257-1], at 36, 40.
[2] Marriage License Search, [Docket Entry #257-1], at 29.
[3] Lateef's Tumblr Profile, [Docket Entry #257-1], at 36, 40.
[4] Lateef's Wordpress Blog [Docket Entry #257-1], at 43; Lateef's LinkedIn Profile, [Docket Entry #257-1], at 31.
[5] Lateef's LinkedIn Profile, [Docket Entry #257-1], at 31.
[6] Lateef's LinkedIn Profile, [Docket Entry #257-1], at 32, Amvensys Foundation Website, [Docket Entry #257-1], at 77–82.
[7] Driving Record of Lateef, [Docket Entry #257-1], at 49 (showing Lateef's license as scheduled to expire on December 25, 2015).
[8] Docket Entry #257-1, at 44–47.
[9] Docket Entry #257-1, at 51.
[10] Docket Entry #247-1, at 5; Interrogatory Response 6.

TX.[11]  In 2013, Lateef made tax payments from bank accounts he opened using a different Texas
address.[12]  In response to an interrogatory asking him to identify every jurisdiction in which he
paid taxes since the commencement of this case, he identified only places in the United States.[13]

Further, Amvensys and Lateef, represented by counsel, relied on their Texas citizenship
to invoke diversity jurisdiction in this district one year before this case was filed.  *See* Compl. in
*Amvensys Capital Group, LLC, and Zahed "Ed" Lateef v. John Does 1–10*, 12-cv-02783-N
(N.D. Tex. Aug. 14, 2012) (where the plaintiffs stated that Amvensys was a Texas limited
liability company with a principal place of business in Texas and that Lateef "conducts business
on a regular basis" at Amvensys's office in Texas).  As a limited liability company, Amvensys
takes the domicile of all of its members, including Lateef, so the pleading of necessity was de
facto alleging Lateef was domiciled in Texas.

After the present lawsuit was filed, Voicecom Telecommunications, LLC successfully
removed a lawsuit to federal court on the basis of diversity jurisdiction, alleging that:

> Voicecom, LLC has one member, ACG Telecom, LLC ("ACG").  ACG Telecom, LLC's
> sole member, Amvensys Capital Group, LLC ("Amvensys"), has two members, Ed and
> Lubna Lateef, who are domiciled in Texas and citizens of Texas.  Since Amvensys'
> members are both Texas citizens, Amvensys is a Texas limited liability company. ACG is
> thus a Texas limited liability company, and Voicecom, LLC also has Texas citizenship
> for the purposes of diversity jurisdiction.

*Moran v. Voicecom Telecomms., LLC*, No. 1:13-cv-4177 (N.D. Ga. Dec. 17, 2013).[14]

To show that he is domiciled in India, Lateef provided: 1) his answers and objections to
Plaintiff's first set of special interrogatories; 2) excerpts from his July 2014 deposition; and 3)
his sworn declaration.  In his interrogatory responses, Lateef claims that, throughout this lawsuit,

---

[11] Docket Entry #257-1, at 53–59.
[12] Docket Entry #257-1, at 60–71.
[13] Docket Entry #247-1, at 5.
[14] Docket Entry #286-1, at 30–31.

his only residence has been in India, where his family lives and his children attend school;[15] he has been a member of a professional association in India;[16] he has maintained bank accounts and valid driver's licenses in *both* Texas and India;[17] and he has been the founder and shareholder or member of companies in *both* Texas and India.[18]  Lateef also supports a charitable organization which aids a school located in India.[19]  His declaration states that he intends to remain in India with his wife and children for the indefinite future.[20]

In his deposition testimony from July 31, 2014, Lateef stated:

Q: Are you a resident of the United States?

A: Yes.

Q: And where do you reside?

A.  Different places.

Q: Do you have a principal place of residence?

A.  No.

Q: Where is the place of residence that you most reside when you're in the United States?

A.  Different hotels.

Q. . . . Are you a resident of another country?

A. I have a home in another country, yes.

Q. Where is that?

A. India.[21]

ii.     *Discussion*

The Court concludes as a matter of fact from the record before it that Lateef is domiciled in Texas.  During this litigation Defendants have, on numerous occasions, recognized the

---

[15] Docket Entry #247-1, at 4.
[16] Docket Entry #247-1, at 7
[17] Docket Entry #247-1, at 5–7.
[18] Docket Entry #247-1, at 7.
[19] Docket Entry #257-1, at 37.
[20] Docket Entry #247-1, at 14.
[21] Docket Entry #247-1, at 11–12.

existence of diversity jurisdiction, including as a basis for asserting counterclaims.  *See, e.g.*
Defendants' Original Answer and Counterclaim, [Docket Entry #15], at ¶5 (admitting that the
Court "has subject matter jurisdiction over the claims in this case").  In fact, in his Answer, filed
October 29, 2014, Lateef not only stated that "this Court has subject matter jurisdiction over the
claims in this case," but also admitted that he "resides in this judicial district for the purposes of
venue."  Answer [Docket Entry #132] at ¶¶ 6–8.  He reiterated that he "resides in this judicial
district for the purposes of venue" in his Answer to the Second Amended Complaint.  Answer
[Docket Entry #157] at ¶¶ 6–8 (filed April 15, 2015).  The venue statute provides that "a natural
person . . . shall be deemed to reside in the judicial district in which that person is *domiciled*."  28
U.S.C. § 1391(c) (emphasis added).

Lateef's various explicit or implicit admissions in his pleadings that he is domiciled in
this district are "not . . . concession[s] of jurisdiction.  Rather, [they are] admission[s] of a fact
which may, when viewed together with other facts, lead to the legal conclusion that jurisdiction
is proper."  *White v. United States*, 2011 WL 6175933, at *4 (D. Ariz. Dec. 9, 2011) (collecting
cases).  Courts may hold the parties to admissions of jurisdictional facts during a suit.  *Stinson v.
SimplexGrinnell LP*, 152 F. App'x 8, 9 (1st Cir. 2005); *Meyer v. Berkshire Life Ins. Co.*, 372
F.3d 261, 265 (4th Cir. 2004); *Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780
F.2d 549, 551 (6th Cir. 1986); *see Woolwine Ford Lincoln Mercury v. Consol. Fin. Res., Inc.*,
245 F.3d 791 (5th Cir. 2000).

This Court thus may consider Lateef's statement that he resides in Texas, in his live,
unamended pleading, as an admission of facts relevant to jurisdiction.  Even if it is not binding, it
may be considered along with the other evidence that Lateef is domiciled in Texas.  *See White v.
ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983).

Lateef and limited liability companies associated with him have invoked federal diversity jurisdiction on several occasions, relying on Lateef's Texas citizenship.  If, as Lateef now claims, he became domiciled in India in 2004, neither he nor Amvensys would have been able to bring a suit in federal court on the basis of diversity jurisdiction in 2012, and Voicecom would not have been able to remove a case to federal court in 2013.  Lateef is not estopped from claiming a different citizenship in this case than he or his affiliates claimed in other cases, but his repeated invocations of diversity jurisdiction have significant evidentiary weight.  *See Cushman & Wakefield, Inc. v. Illinois Nat'l Ins. Co., et al.*, No. 14-cv-8725 (N.D. Ill. Feb. 3, 2015) (denying a motion to dismiss for lack of subject matter jurisdiction in part because defendant's "repeated[ ] represent[ations] to state and federal courts that its principal place of business is located in Illinois . . . constitute[d] evidence that [it] maintain[ed] its principal place of business in Illinois"); *Safeco Ins. Co. of Am. v. UnitedHealth Grp. Inc.*, 2013 WL 3814387, *5 (W.D. Wash. July 22, 2013) (denying a motion to dismiss for lack of subject matter jurisdiction, in part because defendant, in other cases, had "consistently contended in pleadings and affidavits . . . that it [was] a Washington company").

As the parties invoking federal jurisdiction in both *Amvensys Capital Group, LLC, et al. v. John Does 1–10* and *Moran v. Voicecom Telecomms., LLC*, Lateef and his related limited liability companies were responsible for establishing subject matter jurisdiction, and their attorneys represented that it existed.  Defendant was represented by different counsel in *Amvensys Capital Group, LLC, et al. v. John Does 1–10* and *Moran v. Voicecom Telecomms., LLC*.  The attorneys who signed pleadings in those cases were required to reasonably assure themselves jurisdiction existed before making such representations, and risked sanctions if they failed to do so.  *See* Fed. R. Civ. P. 11; *Ferguson v. Neighborhood Hous. Servs. of Cleveland,*

*Inc.*, 780 F.2d 549, 551 (6th Cir. 1986) (noting that pleadings are reliable because Rule 11 "requires the lawyer to certify that the allegations made in pleadings are grounded in fact, based on reasonable inquiry"); *Cushman & Wakefield, Inc.*, No. 14-cv-8725 at 4 n.3.  The Court makes the reasonable prediction that counsel made such inquiry of Lateef and satisfied themselves that he was, as pleaded, a Texas citizen.

Even aside from Lateef's previous admissions regarding his citizenship, the evidence establishes that he is domiciled in Texas.  Lateef has long been domiciled in Texas.  He grew up, attended college, established businesses, and was married in Texas.  Lateef has consistently listed a Texas address as his home address when filing returns with the Internal Revenue Service. These representations are also evidence of Lateef's true domicile.  *See Cushman & Wakefield, Inc.*, No. 14-cv-8725 at 4 (denying a motion to dismiss for lack of subject matter jurisdiction in part based on defendant's "representations to state regulatory authorities"); *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1224 (M.D. Ala. 2003) (finding that defendant was domiciled in Alabama, despite his claim to the contrary, in part because he testified at an unemployment compensation hearing that he resided in Alabama).

Further, Lateef voted in person in Texas in 2008, four years after he alleges he abandoned his domicile in Texas.  He founded numerous Texas businesses after 2004, which continue to employ him.  His limited liability company and his wife maintain a vehicle registered in Texas. Through the life of this lawsuit, Lateef has maintained a valid Texas driver's license and Texas bank accounts.  These activities are inconsistent with his position that he abandoned his Texas domicile in 2004.

This evidence proves, by a preponderance of the evidence, that Lateef has maintained a domicile in Texas as of the filing of this suit.  His self-serving declaration, interrogatory

responses, and deposition do not overcome that proof. Although a litigant's statement of intent "is relevant to the determination of domicile, . . . it is entitled to little weight if it conflicts with the objective facts." *Coury*, 85 F.3d at 251; *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 556 (5th Cir. 1985); *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir. 1954); *see generally Welsh*, 186 F.2d at 17 ; *Frett-Smith v. Vanterpool,* 511 F.3d 396, 401-02 (3d Cir. 2008); *Wasson v. Northrup Worldwide Aircraft Servs., Inc.*, 443 F. Supp. 400, 405 (W.D. Tex. 1978) (giving "little weight" to plaintiff's assertion that he had changed his domicile to Texas, although he resided, was employed, and had gotten married there, when, among other factors, he had not changed his driver's license, registered to vote, or paid taxes in Texas); *Audi Performance & Racing, LLC*, 273 F. Supp. 2d at 1227.

The preponderance of the evidence proves that Lateef was domiciled in Texas when this suit was filed. [22]

### c. Attorneys' Fees

The Court will not award attorneys' fees. Generally, a party may not recover attorneys' fees in the absence of statute or an enforceable contract providing for them. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714 (1967). Lateef cited no authority in support of his request for attorneys' fees. Further, he has not prevailed on his motion. The Court thus will not award Lateef attorneys' fees. GTG only requested attorneys' fees in the event the case was dismissed for lack of jurisdiction, and the Court is not dismissing the case [Docket Entry #255 at 17–18]. Further, GTG has not moved for sanctions under Rule 11 or demonstrated bad faith or gross negligence by Defendants. Therefore, the Court will not award GTG attorneys'

---

[22] Lateef now claims his wife is also a member of Amvensys. In his interrogatory responses Lateef stated that he was the sole member of Amvensys. Docket Entry #247-1, at 5. That inconsistency reflects negatively on his credibility. Docket Entry #257-1, at 36–40, 51–52, 152–53, 156–57. The Court thus concludes that, to the extent Lateef's wife's citizenship is relevant, based on the evidence, the Court finds she is also a citizen of Texas.

fees.

## III.    CONCLUSION

The Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by Defendant Z.

Edward Lateef [Docket Entry #246] is **DENIED**.

**SO ORDERED.**

March 11, 2016.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**